E-FILED
Friday, 08 May, 2020  05:00:44 PM
Clerk, U.S. District Court, ILCD

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 12-cr-30093** |
| | ) | |
| **ORLANDON ROBERSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Orlandon Roberson's Amended Motion for Compassionate Release (d/e 49) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

### I. BACKGROUND

On February 28, 2013, Defendant Orlandon Roberson pled guilty to Count 1 for possessing with intent to distribute 28 grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On August 5, 2013, Defendant was sentenced to 130 months of imprisonment and a term of 8 years of supervised release. On February 5, 2015,

Defendant's sentence was reduced to 120 months of imprisonment. Defendant is currently serving his sentence at FPC Yankton and has a projected release date of March 28, 2021.

On April 28, 2020, Defendant filed a pro se motion for compassionate release (d/e 47) pursuant to 18 U.S.C. § 3582(c)(1)(A).  On May 5, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed.  See d/e 49. Defendant seeks compassionate release due to his health issues and the COVID-19 pandemic.  Defendant argues that the Court should waive the prerequisites for defendant filing such a motion, which are found in 18 U.S.C. § 3582(c)(1)(A).

On May 7, 2020, the Government filed a response opposing Defendant's motion.  See d/e 51.  The Government argues that the Court lacks the authority to grant Defendant's motion because Defendant has not exhausted his administrative rights with the Bureau of Prisons (BOP) or waited 30 days from the time a request to BOP regarding a motion for compassionate release was made. The Government also argues that Defendant has not established extraordinary and compelling reasons to warrant a reduction.

On May 8, 2020, the Court held a video conference hearing on Defendant's motion, at which the Court heard a statement made by Defendant Roberson and oral arguments.

## II. ANALYSIS

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Socially distancing can be difficult for individuals living or working in a prison.

However, the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease.  Defendant's asthma is controlled, and, as of today, there are no confirmed case of COVID-19 at FPC Yankton, the facility where Defendant is housed.  See Federal Bureau of Prisons – COVID-19 Cases,

https://www.bop.gov/coronavirus/ (last accessed May 8, 2020).
According to the Government, the BOP has implemented rigorous
procedures designed to prevent the virus from spreading through its
facilities.  Additionally, Defendant has not submitted a viable
release plan that establishes safe transportation if released.

The Court, taking all the relevant facts into account, finds that
Defendant has not established that there exist extraordinary and
compelling reasons that warrant a reduction in his term of
imprisonment.

## III. CONCLUSION

For the reasons set forth above, Defendant Roberson's pro se
motion (d/e 47) and amended motion for compassionate release
(d/e 49) are DENIED.  This ruling does not preclude Defendant
from filing another motion for compassionate release in the future if
circumstances change.  The Clerk is DIRECTED to send a copy of
this Opinion to FPC Yankton.

ENTER:  May 8, 2020.

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE